# **EXHIBIT A**

Filing # 114343647 E-Filed 10/02/2020 01:23:47 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Franklyn Garland</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>RailPros Field Services Inc.</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>4</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Juan J. Perez</u>           Fla. Bar # <u>115784</u>
          Attorney or party                (Bar # if attorney)

<u>Juan J. Perez  </u>         <u>10/02/2020</u>
  (type or print name)         Date

Filing # 114343647 E-Filed 10/02/2020 01:23:47 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

FRANKLYN GARLAND,

      Plaintiff,

vs.                          Case No.

RAILPROS FIELD SERVICES INC,
a foreign Corporation

      Defendant.

_____/

## COMPLAINT

Plaintiff FRANKLYN GARLAND, (hereinafter "Plaintiff" or "GARLAND") by and through his undersigned attorney hereby sues Defendant RAILPROS FIELD SERVICES INC, a foreign Corporation (hereinafter, "Defendant"), and says:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. The claims asserted in this Complaint arose in Miami-Dade County, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court since Plaintiff was employed by Defendant in Miami, Florida.

1

## PARTIES

5.  Plaintiff is a resident of Miami-Dade and at all times pertinent to this complaint resided within Florida. Plaintiff is over the age of eighteen.

6.  Plaintiff is a black individual. He is therefore a member of a class protected under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq.*, and hereinafter "FCRA") because the terms, conditions, and privileges of his employment were altered because of his race and/or color.

7.  Defendant is a foreign corporation with its principal place of business in Texas and authorized to do business in Florida.

8.  Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9.  Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about May 14, 2019. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was terminated from his position on or about January 5, 2019. His Charge was therefore timely filed.

12. Plaintiff was issued a Notice of Right to Sue on July 7, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

2

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

15. Plaintiff was hired by Defendant in November 2015 as a railroad flagger.

16. Plaintiff has worked for the Defendant and was at all times qualified for his job in that he maintained his position without incident for a significant amount of time.

17. Throughout his employment, Plaintiff's immediate supervisor, Ms. Favor Page (White, Caucasian) (hereinafter "Page") regularly and repeatedly treated non-black employees better than black employees including Plaintiff.

18. Specifically, the number of hours black employees got scheduled were significantly less compared to the White employees.  Page would give more hours to the non-black employees than to Plaintiff.

19. Additionally, Page would also issue disciplinary actions to black employees including Plaintiff and would not reprimand white employees for the same infraction.

20. Specifically, in October 2018, Plaintiff was involved in an incident at work. As a result, Plaintiff was put on leave without pay for eight (8) weeks.

21. Upon his return, Plaintiff was required to complete retraining for two (2) weeks.

22. On or about January 5, 2019, without prior warning, Page called Plaintiff and requested he met her and supervisor Joe (LNU) (White, Caucasian) and asked him to bring all his tools with him.

23. Upon his arrival, Page told Plaintiff to go home and enjoy his retirement and that he was no longer needed.

3

24. Upon information and belief other similarly situated white employees that committed a similar infraction as Plaintiff were not disciplined at all nor were they terminated.

25. Specifically, Collins (LNU) (White, Caucasian) a railroad flagger, committed an infraction similar to the one Plaintiff was accused of but was only suspended for a few days and then allowed to return without any other disciplinary action.

26. Upon information and belief, Defendant was aware of the discriminatory treatment black employees were subjected to by Page. However, no action was taken by Defendant.

27. Defendant acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

28. At all times relevant, Plaintiff was qualified for his position with Defendant in that he worked for the Defendant for nearly four (4) years without disciplinary action.

29. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination.

30. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, color, were motivating factor(s) in the decision for the adverse employment action(s).

31. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

32. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RACE)**

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 32 of this complaint as if set out in full herein.

34. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

35. Plaintiff is a member of a protected class, to wit, black race.

36. Defendant, by and through its supervisors, did not treat Plaintiff the same as other non-black employees as alleged above.

37. Page acted on behalf of Defendant and acted within the scope of their duties.

38. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

39. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities by not being subjected to unfair treatment.

40. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

41. The Plaintiff was qualified for the position apart from his apparent race.

42. The Plaintiff was discriminated against by Defendant because he was Black.

43. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

44. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

45. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

46. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was Black, in violation of the Act.

47. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

48. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

49. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

50. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON COLOR)

51. Plaintiff re-avers and re-states paragraphs 1– 32 above, as though the same were fully re-written herein, and says:

52. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against and ultimately terminated on the basis of his color.

53. Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his skin color.

54. Defendant, by and through its supervisors and other employees, did not treat Plaintiff the same as non-black employees in that employees with a lighter complexion had better opportunities with regard to their schedule and were not subjected to unfair discipline or unfair treatment.

55. Defendant's employees acted with intentional disregard for Plaintiff's rights under Title VII as a person based on the color of his skin.

56. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

57. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

58. The Plaintiff was discriminated against by Defendant's agents because he was Black.

59. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

60. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

61. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on

account of the color of his skin a violation of Act with respect to its decision to treat Plaintiff different from other employees.

62. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was Black, in violation of the Act.

63. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's skin color, was a motivating factor in the decision for the adverse employment action(s).

64. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

65. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

66. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and

suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B.  The Court award punitive damages as permitted under the law;

C.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON RACE)

67. Plaintiff re-avers and re-states paragraphs 1–32 above, as though the same were fully re-written herein, and says:

68. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of his race, Black.

69. Plaintiff is a member of a protected class, to wit, Black race.

70. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on his race.

71. Defendant's supervisors acted with intentional disregard for Plaintiff's rights as a person of Black race under the FCRA.

10

72. Defendant did not provide Plaintiff with a reason for the disparate treatment he was subjected to. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its decision to terminate him.

73. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

74. Specifically, Page, at all material times, acted on behalf of Defendant and acted within the scope of her duties.

75. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

76. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

77. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Page and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be

determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT IV**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON COLOR)**

78. Plaintiff re-avers and re-states paragraphs 1–32 above, as though the same were fully re-written herein, and says:

79. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of the color of his skin.

80. Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his skin color.

81. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on the color of his skin.

82. Defendant's reason for the disparate treatment she was subjected to, if any was pretextual.

83. Plaintiff's skin color was, at minimum, a motivating factor in its decision to terminate him.

84. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

85. Specifically, Aragon and Gonzalez as manager and HR representative, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

86. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

87. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

88. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Page  and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff FRANKYN GARLAND demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 2, 2020

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

14

Filing # 114783743 E-Filed 10/12/2020 09:55:04 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

FRANKLYN GARLAND,

       Plaintiff,

vs.                                Case No. 2020-021238-CA-01

RAILPROS FIELD SERVICES INC,
a foreign Corporation

       Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** RAILPROS FIELD SERVICES INC, through its Registered Agent:

REGISTERED AGENT SOLUTIONS INC
155 OFFICE PLAZA DR., SUITE A
TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA THE ATTORNEYS, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____ 310009

CLERK

(BY) DEPUTY CLERK

10/13/2020

DATE

Filing # 116162528 E-Filed 11/04/2020 04:23:32 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2020-021238-CA-01

FRANKLYN GARLAND,

      Plaintiff,

vs.

RAILPROS FIELD SERVICES INC,
a Foreign Corporation,

      Defendant.

_____ /

## DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT
## OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

      Defendant Railpros Field Services Inc. hereby moves for a 14-day enlargement of time, through and including November 19, 2020, to serve its response to Plaintiff's Complaint.  In support of this Motion, Defendant states the following:

      1.      Plaintiff served initial process on Defendant on or about October 16, 2020. Thus, Defendant's response is presently due on November 5, 2020.

      2.      Defendant's undersigned counsel was just recently retained.  Both he and the Defendant require additional time to investigate the averments in Plaintiff's Complaint and to prepare an appropriate response.

      3.      For all the reasons described above, Defendant requires a 14-day extension of time to prepare a response to Plaintiff's Complaint.

      4.      This motion is not being presented for purposes of delay or any other improper purpose.  The requested extension will not prejudice Plaintiff or any other individual with an interest in this action.

## <u>CERTIFICATE OF GOOD-FAITH CONFERENCE WITH OPPOSING COUNSEL</u>

5. Counsel for Defendant certifies that he has consulted with Plaintiff's counsel in an effort to resolve the relief requested herein by agreement.  Plaintiff's counsel Nathaly Saavedra, Esquire, agreed to the requested 14-day extension for Defendant to respond to Plaintiff's Complaint, through and including November 19, 2020.

6. For the reasons described above, good cause exists for the requested extension.

WHEREFORE, Defendant Railpros Field Services Inc. requests a 14-day enlargement of time, through and including November 19, 2020, within which to respond to Plaintiff's Complaint.

Dated: November 4, 2020.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:  305.374.0456

*s/* Gregory R. Hawran
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

*Counsel for Defendant,*
*Railpros Field Services Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4, 2020, the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified.

*s/* Gregory R. Hawran
Gregory R. Hawran

## SERVICE LIST

*Franklyn Garland v. Railpros Field Services Inc.*
*11th Judicial Circuit in and for Miami Dade County, Florida*
*CASE NO.: 2020-021238-CA-01*

Nathaly Saavedra
nathaly@peregonza.com
Juan J. Perez
juan@peregonza.com
Peregonza Law Group, PLLC
1414 N.W. 107th Avenue
Suite 302
Doral, FL 33172
Telephone: 786.650.0202
Facsimile: 786.650.0200

*Counsel for Plaintiff, Franklyn Garland*

Method of Service: Florida E-Filing Portal

Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant,*
*Railpros Field Services Inc.*

4

Filing # 116174311 E-Filed 11/04/2020 09:29:45 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-021238-CA-01
SECTION: CA23
JUDGE: Barbara Areces

**Franklyn Garland**

Plaintiff(s)

vs.

**RailPros Field Services Inc.**

Defendant(s)

_____/

## AGREED ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

THIS ACTION came before the Court on Defendant, Railpros Field Services Inc.'s

Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Complaint.  The Court

having reviewed the motion, considered the agreement of the parties, and being otherwise fully

advised in the premises, it is hereby,

ORDERED AND ADJUDGED that the Motion be and the same is hereby

**GRANTED**.  Defendant shall have to and including **November 19, 2020** in which to file its

Response to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>4th day of</u> <u>November, 2020</u>.



<u>2020-021238-CA-01 11-04-2020 9:16 PM</u>
Hon. Barbara Areces

**CIRCUIT COURT JUDGE**
Electronically Signed

---

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

---

**Electronically Served:**
Gregory R. Hawran, greg.hawran@ogletreedeakins.com
Gregory R. Hawran, robert.borroto@ogletreedeakins.com
Gregory R. Hawran, kelly.reyes@ogletreedeakins.com
Juan J. Perez, juan@peregonza.com
Juan J. Perez, eservice@peregonza.com
Juan J. Perez, office@peregonza.com
Kelly Nino , kelly.nino@ogletree.com
Nathaly Saavedra, nathaly@peregonza.com
Nathaly Saavedra, office@peregonza.com
Robert Borroto , robert.borroto@ogletree.com

**Physically Served:**