UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24666-DPG

FRANKLYN GARLAND,

    Plaintiff,

v.

RAILPROS FIELD SERVICES INC.,
a foreign Corporation,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant RailPros Field Services, Inc., ("Defendant" or "RailPros"), pursuant to Fed. R. Civ. P. 12 and 81(c), answer the numbered paragraphs of the Complaint filed by Plaintiff Franklyn Garland and presents the following defenses:

### "JURISDICTION AND VENUE"

1.    Defendant admits that Plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-11, for alleged unlawful employment practices. Otherwise, denied. Defendant specifically denies that any action has occurred that would entitle Plaintiff to any relief under those statutes.

2.    Defendant admits that this court has original subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1331.

3.    Defendant admits only that Plaintiff was an employee of RailPros in Miami-Dade County, Florida. Otherwise, denied.

4.    Admitted.

## "PARTIES"

5. Defendant admits Plaintiff is over the age of eighteen. Defendant is without knowledge or information as to whether Plaintiff is a resident of Miami-Dade, and it therefore denies this allegation.

6. Defendant admits only that Plaintiff identifies as black. Otherwise, denied.

7. Defendant only admits that its principal place of business is in Texas and that it is authorized to conduct business in Florida.

8. Admitted.

9. Defendant presently has insufficient information to admit or deny and therefore denies the allegations listed in paragraph 9.

10. Defendant presently has insufficient information to admit or deny and therefore denies the allegations listed in paragraph 10. Defendant specifically denies that any action has occurred that would entitle Plaintiff to any relief.

11. Defendant admits only that it terminated Plaintiff's employment on or about February 4, 2019. Defendant presently has insufficient information to admit or deny and therefore denies the remaining allegations listed in paragraph 11.

12. Defendant avers that the Notice of Right to Sue document speaks for itself. Defendant presently has insufficient information to admit or deny and therefore denies the remaining allegations listed in paragraph 12.

13. Defendant presently has insufficient information to admit or deny and therefore denies the allegations listed in paragraph 13.

14. Defendant presently has insufficient information to admit or deny and therefore denies the allegations listed in paragraph 14.

## "GENERAL ALLEGATIONS"

15. Defendant admits only that it employed Plaintiff at one time. Otherwise, denied.

16. Defendant admits only that it employed Plaintiff at one time. Otherwise, denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant admits only that, in July 2018, Plaintiff committed a serious track time violation. Defendant also admits that it placed Plaintiff on a 30-day suspension as a result of the violation. Otherwise, denied.

21. Defendant admits that Plaintiff completed a two-week retraining period upon his return from suspension.

22. Defendant admits only that it terminated Plaintiff's employment on February 4, 2019. Otherwise, denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Defendant admits only that it terminated Plaintiff's employment for legitimate business reason. Otherwise, denied.

31. Defendant presently has insufficient information to admit or deny and therefore denies the allegations listed in paragraph 31.

32. Denied.

### "COUNT I"
### "VIOLATION OF THE CIVIL RIGHTS ACT"
### "(DISCRIMINATION BASED ON RACE)"

33. Defendant repeats and incorporates by reference its responses to Paragraphs 1-32 as if set forth in full herein.

34. Defendant admits that Plaintiff purports to bring an action for damages under Title VII of the Civil Rights Act of 1964 for alleged unlawful employment practices. Otherwise, denied. Defendant specifically denies that any action has occurred that would entitle Plaintiff to any relief.

35. Defendant admits only that Plaintiff identifies as black.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendant admits that, at all times, it was aware of and it complied with the requirements of Title VII of the Civil Rights Act of 1964.

44. Denied.

45. Denied.

46. Denied.

47. Defendant admits only that it terminated Plaintiff's employment for legitimate business reason. Otherwise, denied.

48. Denied.

49. Denied.

50. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in subparagraphs (A) through (E) in the unnumbered "WHEREFORE" clause following paragraph 50 of the Plaintiff's Complaint.

## "COUNT II"
## "VIOLATION OF THE CIVIL RIGHTS ACT"
## "(DISCRIMINATION BASED ON COLOR)"

51. Defendant repeats and incorporates by reference its responses to Paragraphs 1-32 as if set forth in full herein.

52. Defendant admits that Plaintiff purports to bring an action for damages under Title VII of the Civil Rights Act of 1964 for alleged unlawful employment practices. Otherwise, denied. Defendant specifically denies that any action has occurred that would entitle Plaintiff to any relief.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendant admits that, at all times, it was aware of and it complied with the requirements of Title VII of the Civil Rights Act of 1964.

60. Denied.

61. Denied.

62. Denied.

63. Defendant admits only that it terminated Plaintiff's employment for legitimate business reason. Otherwise, denied.

64. Denied.

65. Denied.

66. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in subparagraphs (A) through (E) in the unnumbered "WHEREFORE" clause following paragraph 66 of the Plaintiff's Complaint.

## "COUNT III"
## "VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT"
## "(DISCRIMINATION BASED ON RACE)"

67. Defendant repeats and incorporates by reference its responses to paragraphs 1-32 as if set forth in full herein.

68. Defendant admits that Plaintiff purports to bring an action under the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-11, for alleged unlawful employment practices. Otherwise, denied. Defendant specifically denies that any action has occurred that would entitle Plaintiff to any relief.

69. Defendant admits only that Plaintiff identifies as black.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause, including subparagraphs (A) through (E), following paragraph 77 of the Plaintiff's Complaint.

**"COUNT IV"**
**"VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT"**
**"(DISCRIMINATION BASED ON COLOR)"**

78. Defendant repeats and incorporates by reference its responses to paragraphs 1-32 as if set forth in full herein.

79. Defendant admits that Plaintiff purports to bring an action under the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-11, for alleged unlawful employment practices. Otherwise, denied. Defendant specifically denies that any action has occurred that would entitle Plaintiff to any relief.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause, including subparagraphs (A) through (E), following paragraph 88 of the Plaintiff's Complaint

### "DEMAND FOR JURY TRIAL"

Defendant admits that Plaintiff demands a jury trial.

### GENERAL DENIAL

1. Defendant denies each and every allegation of fact and conclusion of law contained in Plaintiff's Complaint that has not been expressly admitted in the foregoing numbered paragraphs.

### DEFENSES AND AFFIRMATIVE DEFENSES

2. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

3. All actions taken with regard to Plaintiff's employment were based on legitimate business reasons totally unrelated to Plaintiff's color or race.

4. All actions taken with regard to Plaintiff's employment were for good cause and taken in good faith.

5. Any recovery by Plaintiff must be reduced, in whole or in part, because and to the extent that Plaintiff failed or refused to take reasonable efforts to mitigate Plaintiff's damages.

6. Plaintiff's claims are barred, in whole or in part, because at all times relevant hereto, Defendant published, disseminated and enforced internal policies against discrimination, retaliation and harassment, and exercised reasonable care to prevent and correct promptly any alleged harassing and discriminatory behavior.

7. Plaintiff's requests for punitive damages must fail because no managing agent of Defendant engaged in any discriminatory act or any act in violation of any statutorily-protected rights with malice or reckless indifference to Plaintiff's statutorily-protected rights, and because any violation of those rights is contrary to Defendant's good-faith efforts to comply with all applicable equal employment laws.

8. Defendant reserves the right to assert a mixed motive defense because, even if Plaintiff proves that there was an improper motivating factor in the challenged employment decision(s), the adverse employment decision at issue would have been made anyway even in the absence of any such improper factor.

9. Defendant reserves the right to assert such additional defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant, RailPros Field Services, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and reasonable attorney's fees incurred in this action, and provide any such other and further relief as this Court deems just and proper.

Dated: November 20, 2020.

                        Respectfully submitted,

                        OGLETREE, DEAKINS, NASH,
                         SMOAK & STEWART, P.C.
                        9130 South Dadeland Blvd., Suite 1625
                        Miami, Florida 33156
                        Telephone:  305.374.0506
                        Facsimile:   305.374.0456

                        <u>Gregory R. Hawran</u>
                        Gregory R. Hawran
                         Florida Bar Number 55989
                         gregory.hawran@ogletreedeakins.com

                        *Counsel for Defendant,*
                        *RailPros Field Services, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>Gregory R. Hawran</u>
Gregory R. Hawran

## **SERVICE LIST**

*Franklyn Garland v. RailPros Field Services, Inc.*
CASE NO. 20-CV-24666-DPG
United States District Court, Southern District of Florida

> Nathaly Saavedra
> nathaly@peregonza.com
> Juan J. Perez
> juan@peregonza.com
> PEREGONZA LAW GROUP, PLLC
> 1414 N.W. 107th Avenue
> Suite 302
> Doral, Florida  33172
> Telephone:  786.650.0202
> Facsimile:  786.650.0200
>
> *Counsel for Plaintiff Franklyn Garland*
>
> Method of Service: Notice of Electronic Filing
>
> Gregory R. Hawran
>   gregory.hawran@ogletreedeakins.com
> OGLETREE, DEAKINS, NASH,
>   SMOAK & STEWART, P.C.
> 9130 South Dadeland Blvd., Suite 1625
> Miami, Florida  33156
> Telephone:  305.374.0506
> Facsimile:  305.374.0456
>
> *Counsel for Defendant RailPros Field Services, Inc.*

43401062.1